In the Matter of the Estate of ROBERT K. SIMINGTON, Deceased.

Surrogate's Court, Queens County, April 25, 1933.

*David M. Wolff*, for Peter Krone.

*Richard A. Eagle*, for the petitioner.

HETHERINGTON, S. Petitioner seeks to have respondent held in contempt of court and fined in a sum sufficient to compensate petitioner for damages claimed to have been sustained by the failure to commence an action for the negligent killing of petitioner's infant son, alleging that respondent held himself out as an attorney at law and undertook recovery of such damages but failed to bring action within the period limited by statute for the commencement of such action.

Petitioner and his wife make affidavit as to the conversations and dealings with respondent, setting forth that respondent held himself out and represented himself to be an attorney and counselor at law and thereon was retained, and undertook investigation of the accident which caused the death and directed the taking of photographs of the locality where it occurred, thereafter procuring issuance to petitioner of limited letters of administration, but that nothing further was done and when charged with neglect, respondent sought to explain it by saying he had turned over the matter to his brother who was a lawyer, giving particulars to this brother's stenographer, but that she had failed to do so, and that he regretted the circumstances. Petitioner further alleges that he had on prior occasions communicated with respondent on legal matters and respondent had always led him to believe that he was a lawyer; that he maintained an office as such and was so listed in the local telephone directory.

Respondent meets this by flat denial; explaining that he never advised or held communication with petitioner on prior occasions as a lawyer; that he knew him fraternally for many years and met him at a fraternal gathering right after the accident and sympathized with him thereabout and that at petitioner's request gave him advice, consented to help in an investigation and to see that the case would be taken care of by his brother who was a lawyer. That thereafter he had a petition for letters of administration prepared in this brother's office and under the brother's name as attorney procured issuance of such letters, explaining a change of date in the acknowledgment. That he gave the particulars for preparation of a summons and complaint to his brother's secretary, telling her that the petitioner would furnish a transcript of the minutes of the hearing had before the magistrate and that she withheld the particulars from the brother, the lawyer, awaiting such minutes; that petitioner removed to New Jersey and failed to furnish such minutes or communicate with respondent for a long time thereafter. He further avers that he has at all times been engaged in the real estate business and never pretended to be or held himself out as a lawyer and in this he is supported by affidavits of persons connected with his brother's office, wherein he maintained his office. He produces photographs of the office door to prove his name was thereon as a real estate operator and not a lawyer, and of pages of the telephone directory to show that he was not listed as a lawyer, while his brother was, and further avers that on the papers submitted to petitioner and his wife for signature, the name of his brother appeared as attorney. Thus is accusation met with denial, equally firm.

A proceeding such as this is *quasi* criminal; if found guilty respondent would be faced with fine and possible imprisonment, hence the accusation must be supported almost in the same degree as in a criminal charge, *i. e.*, beyond reasonable doubt. Certainly if not to that extent, at least proved with reasonable certainty, and I cannot say that the evidence outweighs the denial, hence the motion is denied. Submit order accordingly.